UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CODY RYAN MURPHY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.   3:24-CV-396-KAC-JEM |
| HAMILTON COUNTY SHERIFF'S OFFICE, SMITH, JOHNSON, BUSCH, INGRAM, and BURROWS, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, an inmate formerly held at the Hamilton County Detention Center, filed a pro se complaint for violation of 42 U.S.C. § 1983 [Doc. 1][1] and a motion for leave to proceed *in forma pauperis* [Doc. 2].

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's Motion [Doc. 2] shows that he lacks sufficient resources to pay the filing fee in a lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's Motion [Doc. 2] and **ASSESSES** Plaintiff the civil filing fee of $350.00.

The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 as an initial partial payment,

---

[1] The Court notes that after Plaintiff filed his complaint [Doc, 1], he failed to update the Court with his most recent address within fourteen (14) days, as the Court's Local Rule requires [Doc. 5]. *See* E.D. Tenn. LR 83.13. Nevertheless, because Plaintiff has now updated the Court with his current address, [*see* Doc. 6], the Court will give Plaintiff another chance to prosecute this action.

whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1)(A), (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

I. COMPLAINT SCREENING

A. Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at

470-71. Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Complaint

The Complaint alleges that Defendant "Officer Smith" punched him in the face, called him "swear words," and yanked him around by his handcuffs [Doc 1 at 3-4]. Plaintiff further claims Defendant Smith then threw him down a hallway and applied pressure on his shackles [*Id.* at 4]. According to Plaintiff, these acts occurred "without co employees or code" and injured his muscles and tendons in his hand [*Id.*]. The Complaint names the Hamilton County Sheriff's Office and Officer Smith as defendants and individuals with the last names Johnson, Busch, Ingram, and Burrows [*Id.* at 1, 3]. As relief, Plaintiff requests that the Court "do as [it] sees approp[r]iate," for his dental costs to be paid, and "'justice'" [*Id.* at 9].

### C. Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. Here, the Complaint only plausibly alleges a claim against Defendant Officer Smith.

3

***First***, Defendant Hamilton County Sheriff's Office is not an entity that is subject to suit under Section 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citation omitted). Additionally, even liberally construing the Complaint, it does not provide any facts that would support *Monell* liability against Hamilton County, if Plaintiff meant to raise claims against the municipality. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

***Second***, the Complaint fails to state a claim against Defendants Johnson, Busch, Ingram, and Burrows. The Complaint includes no factual allegations against any of these defendants, and nothing in the Complaint would allow the court to infer that they were involved in the incident underlying the Complaint. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under Section 1983). Accordingly, the Court **DISMISSES** Defendants Hamilton County Sheriff's Office, Johnson, Busch, Ingram, and Burrows.

***Third***, Plaintiff's excessive force claim against Defendant Officer Smith contains sufficient factual allegations to proceed.

## II. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts **MUST** submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk **MUST** provide a copy of this Memorandum & Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Only Plaintiff's excessive force claim against Defendant Officer Smith will proceed herein, and the Court **DISMISSES** Defendants Hamilton County Sheriff's Office, Johnson, Busch, Ingram, and Burrows;

6. The Clerk **SHALL** send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Officer Smith;

7. Plaintiff **SHALL** complete the service packet and return it to the Clerk's Office within twenty (20) days of entry of this order;

8. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

9. Service on Defendant Officer Smith shall be made pursuant to Federal Rule of Civil Procedure 4(e) and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

10. **If Plaintiff fails to timely return the completed service packets, the Court may dismiss this action**;

11. Defendant Officer Smith **SHALL** answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If Defendant Officer Smith fails to timely respond to the Complaint, it may result in entry of judgment by default against him; and

12. The Court **ORDERS** Plaintiff to immediately inform the Court and Defendant, or his counsel of record, of any address changes in writing. Under Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**ENTER:**

                                                 /s/ Katherine A. Crytzer
                                                 KATHERINE A. CRYTZER
                                                 United States District Judge